25CA2387 Peo in Interest of PG 07-16-2026

COLORADO COURT OF APPEALS

---

Court of Appeals No. 25CA2387
Montrose County District Court No. 25JV30020
Honorable D. Cory Jackson, Judge

---

The People of the State of Colorado,

Appellee,

In the Interest of P.G. and M.G., Children,

and Concerning R.C.,

Appellant.

---

JUDGMENT AFFIRMED

Division III
Opinion by JUDGE FREYRE
Johnson and Kuhn, JJ., concur

**NOT PUBLISHED PURSUANT TO C.A.R. 35(e)**
Announced July 16, 2026

---

Julie R. Andress, County Attorney, Molly B. Neuman, Assistant County Attorney, Montrose, Colorado, for Appellee

Jenna L. Mazzucca, Guardian Ad Litem

The Morgan Law Office, Kristofr P. Morgan, Colorado Springs, Colorado, for Appellant

¶ 1      R.C. (father) appeals the judgment adjudicating P.G. and M.G. (the children) dependent and neglected.  We affirm.

## I.      Background

¶ 2      The Montrose County Department of Health and Human Services (the Department) filed a petition in dependency or neglect asserting that the children had been abandoned by a parent and their environment was injurious to their welfare.  *See* § 19-3-102(1)(a), (c), C.R.S. 2025.  Specifically, the Department alleged concerns about the children's mother's substance use and mental health and noted that father did not have a relationship with them.

¶ 3      Father appeared at the initial shelter hearing but did not appear at any subsequent court proceedings, though his counsel generally appeared on his behalf.  After several continuances, the court held an adjudicatory bench trial at which father did not appear.  Following the Department's offer of proof, the juvenile court adjudicated the children dependent and neglected.

## II.      Personal Jurisdiction

¶ 4      We decline to address father's undeveloped assertion that the juvenile court lacked jurisdiction to adjudicate the children dependent and neglected because he was not properly served.

Citing to some portions of the record, father contends that "it is unclear" if he appeared at the shelter hearing and, therefore, "[t]here is no evidence in the record that shows that [he] was served." But father does not support his contention with legal citations, substantial argument, or meaningful analysis. *See People in Interest of D.B-J.*, 89 P.3d 530, 531 (Colo. App. 2004) (declining to address an appellate argument presented without supporting facts, specific argument, or supporting authorities).

¶ 5 In any event, to the extent we construe his claim as challenging the court's finding that he appeared at the shelter hearing, and thereby waived service of process, we are not persuaded. At the start of the shelter hearing, the county attorney reported that the Department communicated with father and provided him with the login information for the virtual courtroom. Father's counsel also confirmed that he had spoken to father who was in the process of logging on for the hearing. Shortly thereafter, the juvenile court observed that an individual with father's name had logged on to the virtual courtroom. While we agree that it certainly would have made the record clearer had the court verbally confirmed father's presence, the record supports the court's finding

that father appeared at the shelter hearing. On appeal, father implies that the individual appearing could have been his father because they have the same first and last name. However, after observing the individual, the juvenile court found that it was father who appeared. *See Carrillo v. People*, 974 P.2d 478, 485-86 (Colo. 1999) (noting the "trial court's unique role and perspective in evaluating . . . live witnesses" and discouraging "an appellate court from second-guessing those judgments based on a cold record"). And because the court's finding has record support, we have no basis to disturb it. *See People in Interest of S.Z.S.*, 2022 COA 133, ¶ 29; *see also People in Interest of T.W.*, 2022 COA 88M, ¶ 26 ("When the facts are undisputed, the scope of a court's jurisdiction presents questions of law that we review de novo." (citations omitted)).

¶ 6    By voluntarily appearing without challenging personal jurisdiction, father "submit[ted] to the court's personal jurisdiction over [him, and] no further inquiry is necessary." *Delta Cnty. Mem'l Hosp. v. Indus. Claim Appeals Off.*, 2021 COA 84, ¶ 19. Moreover, during subsequent court proceedings, father's counsel appeared, did not contest the court's jurisdiction, and waived advisement on

father's behalf. *See id.* at ¶ 22 (determining that a party consented to the court's personal jurisdiction when its counsel appeared, did not contest the court's jurisdiction, and presented witnesses, evidence, and argument).

## III. Due Process

¶ 7 Father contends that the juvenile court violated his due process rights by (1) proceeding with the adjudicatory hearing even though he had no notice of the hearing and (2) allowing the Department to present evidence through an offer of proof. We reject father's contentions because he did not preserve them for appeal, and he is not entitled to relief under the miscarriage of justice exception to the preservation rule.

### 1. Preservation

¶ 8 In dependency or neglect proceedings, appellate courts do not consider issues that were not preserved in the trial court such as challenges to evidentiary issues that were not timely made at trial. *See People in Interest of M.B.*, 2020 COA 13, ¶ 14. To preserve an issue for appeal, a party must present the court with "an adequate opportunity to make findings of fact and conclusions of law on [the]

4

issue." *Forgette v. People*, 2023 CO 4, ¶ 21 (quoting *People v. Melendez*, 102 P.3d 315, 322 (Colo. 2004)).

¶ 9 Father's counsel did not assert that father lacked notice of the hearing, request a continuance so that father could appear, object to the Department's request to proceed by offer of proof, or otherwise contend that the adjudicatory hearing violated father's due process rights. And father concedes that he did not preserve these issues.

### 2. Miscarriage of Justice Exception

¶ 10 Nevertheless, father contends that we should address his unpreserved assertions under the miscarriage of justice exception to the preservation rule. In "limited situations," the miscarriage of justice exception allows an appellate court to reach an issue raised for the first time on appeal to avoid a miscarriage of justice. *People in Interest of A.E.*, 914 P.2d 534, 539 (Colo. App. 1996). But the miscarriage of justice exception has a high bar and a narrow scope. *M.B.*, ¶¶ 23-24. We have recognized the exception only in "rare cases, involving unusual or special circumstances, . . . to prevent an unequivocal and manifest injustice." *In re E.R.S.*, 2019 COA 40, ¶ 38.

¶ 11    Yet father does not identify any unusual or special circumstances or otherwise explain why we should apply the miscarriage of justice exception.  We therefore decline to consider his arguments under the exception.  *See Phillips v. People*, 2019 CO 72, ¶ 12 (explaining that a party may not merely "mention a possible argument in the most skeletal way, leaving the court to do counsel's work" (citation omitted)); *see also In re Parental Responsibilities Concerning S.Z.S.*, 2022 COA 105, ¶ 29 (noting that we will not consider an argument when a parent "develops no legal or factual argument in support of th[e] assertion").

IV.    Adequacy of Findings

¶ 12    To the extent father contends that "the district court made no factual findings explaining the basis for the order of adjudication," we disagree.

¶ 13    Recall that the Department alleged, as relevant here, that the children were dependent or neglected because they had been abandoned by a parent and their environment was injurious to their welfare.  *See* § 19-3-102(1)(a), (c).

¶ 14    Following the adjudicatory hearing, the juvenile court found that father (1) told the Department he last had contact with the

children following their birth three years prior; (2) had not had contact with the children in at least a year; and (3) had made no effort to have contact with the children, participate in court proceedings, or engage with the Department. The court also found that the children's environment was injurious to their welfare. Based on these findings, the juvenile court adjudicated the children dependent and neglected.

¶ 15 Father does not clarify why he believes these findings were inadequate to explain the basis of the court's determination that the children were dependent and neglected. Indeed, we have no difficulty discerning that the court adjudicated the children dependent and neglected based on section 19-3-102(1)(a) and (c). *See People in Interest of T.L.B.*, 148 P.3d 450, 457 (Colo. App. 2006) (noting that we will set aside a court's order only if "we cannot determine the basis for" it).

¶ 16 Thus, we conclude that the juvenile court's findings were adequate, and we discern no basis for reversal.

V.  Disposition

¶ 17 The judgment is affirmed.

JUDGE JOHNSON and JUDGE KUHN concur.